# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

POOR AND MINORITY JUSTICE
ASSOCIATION, INC., DR. CLAYTON
COWART, et. al.,

       Plaintiffs,

v.                                  No. 8:19-cv-T-2889-02TGW

CHIEF JUDGE, TENTH JUDICIAL CIRCUIT,
GRADY JUDD, SHERIFF OF POLK COUNTY,
in his official capacity, and G4S SECURE SOLUTIONS
USA, et. al.,

       Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Before this Court is the Defendants' Joint Motion to Dismiss, Dkt. 44,

Plaintiffs' Fourth Amended Complaint, Dkt. 41. In November 2019, Plaintiffs

protested outside the Polk County Courthouse in Bartow, Florida. They sought to

enter the courthouse to use the restroom during their protest, but were refused

admittance. They now claim they "experienced humiliation and bodily anguish

from having to hold their urination and walk one or more blocks to the nearest

restroom," and "the protest had to be ended due to sanitation and health concerns,

stemming from the lack of access" to courthouse restrooms. Dkt. 41 at 33.

Although styled various ways over five attempted complaints, Plaintiffs' claims founder upon a simple fact: courthouse interior facilities are not public accommodations. Instead, these facilities are for people with courthouse business—whether litigants, court watchers, jurors, witnesses, or staff. Courthouse restrooms are not open to the public at large, and courthouse interiors are neither forums for protest nor support facilities for protests elsewhere. As such, persons who are not attending the courthouse for court purposes may be excluded from it, however righteous their purposes may be. This is especially true given the facts here, where multiple public restrooms exist within one-to-two blocks of the Polk County Courthouse.

## BACKGROUND

The Court has twice entered orders reciting the alleged facts and dismissing without prejudice the First Amended and Second Amended Complaints. Dkts. 14, 33. Given the prior orders, the discussion here is somewhat truncated.

This case stems from a peaceful protest on November 8, 2019, outside the Polk County Courthouse in Florida. Dkt. 41 at 14. Plaintiffs, all African American citizens, were joined by approximately fifty demonstrators who were protesting abusive police practices and racial profiling. *Id*. at 13, 15. Plaintiffs say their protest was "a form of important 'court business.'" *Id.* at 14.

2

At one point, Plaintiffs sought to enter the courthouse to use the restroom facilities. *Id.* at 16. However, either the sheriff's deputy or an employee of defendant G4S Secure Solutions (the private security contractor) stopped them, saying "no one involved in the protest would be granted access to the restrooms." *Id.* (emphasis removed). Rebuffed in their attempt to enter the courthouse for a restroom visit, the protestors were "humiliated, significantly inconvenienced, and subjected to bodily anguish and distress." *Id.* Plaintiffs were "forced to hold their urination and walk more than one or two blocks to the next closest restroom." *Id.* Plaintiffs say this forced the protest to end "due to health and sanitation concerns, and lack of access to public restrooms." *Id.*

Plaintiffs filed the operative Fourth Amended Complaint ("FAC") thirty days after filing the Third Amended Complaint. Dkts. 34, 41. But Plaintiffs did so without leave of Court, thereby violating Fed. R. Civ. P. 15(a)(1) and (2)[1]. Defendants jointly move to strike or have the Court dismiss the FAC for this reason. Dkt. 44. Rather than prolong the pleading repartee, and in keeping with the spirit of Fed. R. Civ. P. 15(a), the Court will consider this FAC as properly filed.

---

[1] Rule 15(a) allows for amendments to pleadings before trial as follows: "(1) *Amending As a Matter of Course.* A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) *Other Amendments.* In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

3

The FAC stretches 43 pages with 26 footnotes. Dkt. 41. Plaintiffs bring claims under 42 U.S.C. § 1983 predicated on alleged violations of the following amendments to the U.S. Constitution: the First Amendment, the Fourth Amendment, and the Thirteenth Amendment. *Id.*

Plaintiffs begin with the Fourth Amendment and § 1983. *Id.* at 2. They claim they are pursuing a matter of "**first impression**" by asserting that the Defendants' refusal to let them use courthouse restrooms constitutes an unreasonable search and seizure. *Id.* at 2, 3 (emphasis in original). Plaintiffs also claim Defendants' actions violated their right to privacy. *Id.*

Count I asserts a 42 U.S.C. § 1983 claim against the Sheriff for violating Plaintiffs' Fourth Amendment rights. *Id.* at 17. According to Plaintiffs, had they continued beyond the metal detector in defiance of the deputies' instructions, they would have been unlawfully seized. *Id.* They say stopping their entry was a Fourth Amendment unreasonable seizure. *Id.* Plaintiffs claim this was pursuant to an unlawful policy or custom of the Sheriff. *Id.* In this count, Plaintiffs seek injunctive relief, fees, and costs, as well as compensatory and punitive damages. *Id.* at 19.

Count II basically repeats the same Fourth Amendment-based § 1983 claim against private contractor G4S. *Id.* at 20. This count ascribes the blockage of entry to *both* the Sheriff's office and G4S, despite the previous count stating that only the Sheriff's office stopped Plaintiffs. *Id.* at 21. This count also does not explain

4

how G4S—a private entity—may be liable under § 1983. Count II seeks the same remedies against G4S as does Count I against the Sheriff. *Id.* at 22.

Plaintiffs next assert violations of the Thirteenth Amendment and § 1983. *Id.* at 3–6. They say the acts of the Defendants were "badges and incidents of slavery." *Id.* The FAC again notes this is a position of "**<u>first impression</u>**" in the Eleventh Circuit. *Id.* at 3 (emphasis in original). Count III alleges the Sheriff subjected Plaintiffs to "'an unreasonable seizure,' in violation of the Thirteenth Amendment's prohibition against slavery and involuntary servitude." *Id.* at 25. The count ascribes as unlawful the Sheriff office's policy to stop and detain persons who had previously engaged in peaceful protests. *Id.* at 23. Although alleged in this manner, the stated facts show no actual seizure. Instead, they simply show a refusal to admit.

In Count IV, Plaintiffs allege basically the same Thirteenth Amendment "badges and incidents of slavery" claim against private entity G4S—again under § 1983. *Id.* Counts III and IV seek the same monetary and injunctive remedies as Counts I and II. *Id.* at 25, 28.

Plaintiffs also assert claims under the First Amendment and § 1983. *Id.* at 7–12. In Count V, Plaintiffs sue the Sheriff under § 1983 because his restroom policy allegedly had an "overbroad" and "chilling effect" on their First Amendment rights to assembly, petition, and free speech. *Id.* at 28. Count VI is essentially Count V

repeated toward private contractor G4S. *Id.* at 32. Both Counts V and VI seek monetary and injunctive relief. *Id.* at 32, 36.

The final count seeks fees, costs, and injunctive relief against the Sheriff, contractor G4S, and the Chief Judge of the Tenth Judicial Circuit (Polk County). *Id.* This count seeks a wide-ranging injunction, whereby the undersigned would order creation of a "Community Oversight Task Force" with various powers. *Id.* The members would include judges, lawyers, police officers, clergy, community activists, and others. *Id.* at 39–40. Various duties of this Board would include forming standard operating procedures for local police, Polk County Courthouse staff, and the public, as well as education, standard-setting, and other duties. *Id.* In this request for injunctive relief, Plaintiffs say they may reassemble and protest outside the Polk County Courthouse again in the next few months, but they do not cite any definite plans nor state they have yet returned since the November 2019 incident. *Id.* at 37.

Plaintiffs also cite the following as evidence of the tortious nature of Defendants' refusal to let them use the courthouse restroom:

- The Eighth Amendment of the U.S. Constitution: depriving the use of restrooms may constitute "cruel and unusual punishment," *Id.* at 9;
- State and federal workers' compensation laws: "bladder infections or other injury caused through lack of access to restrooms may be grounds for a valid worker's compensation claim," *Id.*;
- Federal occupational safety and health act/administration: "bladder infections caused through frequent lack of access to restrooms may be grounds for a valid workers' compensation claim," *Id.* (citing OSHA);

6

- medical testimony from a medical physician as to bladder infections caused by lack of restroom access, *Id.*

Defendants now jointly ask this Court to strike the FAC or dismiss it. Dkt. 44. In the interest of judicial economy, the Court will deny the Motion to Strike. However, the Court agrees with Defendants that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court does so with prejudice.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc*., 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court accepts Plaintiffs' factual allegations as true at this stage. *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

## DISCUSSION

Plaintiffs' claims falter on this simple fact: courthouse restrooms are not restrooms for the public at large. *See, e.g.*, *Muhammad v. Bethel-Muhammad*, No. 11–0690–WS–B, 2013 WL 5531397, at *5 (S.D. Ala. Oct. 7, 2013) (county courthouse not a "place of public accommodation" under Civil Rights Act of 1964). The general public may not come off the street and use courthouse restrooms like they would at a park. *See United States v. Gilbert*, 920 F.2d 878, 883–85 (11th Cir. 1991) (affirming injunction barring protestor from using courthouse bathroom). These restrooms are reserved for the use and comfort of litigants, court attendees, lawyers, jurors, and staff.

The interior of the courthouse is a nonpublic forum.[2]  *See Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 46 (1983) (defining nonpublic forums as public property that has not been opened to the public for First Amendment activity). Because of this, the courthouse's restroom policy need only be "viewpoint neutral and reasonable in light of the purpose served by the forum." *Davenport v. Wash. Educ. Ass'n*, 551 U.S. 177, 189 (2007); *see also Cornelius v. NAACP Legal Def. & Fund, Inc.*, 473 U.S. 788, 799–800 (1985). This is indeed the case here.

---

[2] In their 378-page response to the dismissal motion, Plaintiffs concede the interior of the courthouse is a nonpublic forum. Dkt. 45 at 18 ("Plaintiffs do not dispute that the courthouse is a non-public forum, for purposes of the First Amendment, U.S. Constitution.").

8

Plaintiffs concede the restroom policy is viewpoint neutral. They claim the Tenth Judicial Circuit has a policy that bars "*all* First Amendment protestors from entering the Polk County courthouse building in Bartow, Florida and using the restrooms within that building." Dkt. 41 at 8, ¶ 6 (emphasis added). By this very allegation, Plaintiffs acknowledge the policy does not change depending on the message of protestors. Plaintiffs do not allege any facts showing a disparate impact between groups, nor do they allege the courthouse admitted groups with different viewpoints for restroom breaks.

The restroom policy is also reasonable. If the Polk County Courthouse were to grant the general public access to its restrooms, this could burden actual courthouse business. There are often long security lines during the jury venire scramble and daily docket calls at county courthouses. Numerous litigants, court watchers, jurors, witnesses, and court staff pass through security each day. Adding members of the public with no court business could disproportionately burden courthouse staff and disrupt official courthouse business. And Plaintiffs do not plausibly allege that protesting outside on the sidewalk is actual, real court business.

The undersigned has visited the Polk County courthouse as a practicing attorney on several occasions. Frankly, the lobby area could be quite busy. One to two blocks away, however, there are several public restrooms available—all easily

9

accessible without the extra burden of passing security. Plaintiffs have acknowledged this. *See* Dkt. 41 at 29 (stating that Plaintiffs walked "one or more blocks to the nearest restroom" after being denied entry to the courthouse). Yet they still claim the entire 50-person protest had to end because three participants could not access courthouse restrooms. *Id.* at 33. This allegation is simply implausible given the many restrooms nearby. Indeed, passing through courthouse security may have been even more disruptive to the protest than walking a block or two to the nearby public restrooms.

This is not a case where anyone's speech was curtailed or threatened. Plaintiffs make no claim that their First Amendment rights were infringed in any way while they protested outside the courthouse. Dkt. 45 at 21. They also fail to establish that their inability to enter the courthouse was in any way related to their viewpoints. And restroom use itself is not expressive conduct. *See Gilbert*, 920 F.2d at 883 (labeling use of courthouse bathroom as "concededly unprotected activit[y]"); *see also Braun v. Terry*, 148 F. Supp. 3d 793, 805 (E.D. Wis. 2015). Accordingly, there is no First Amendment violation here.

Plaintiffs' claims based on the Fourth and Thirteenth Amendments are facially meritless. *See, e.g.*, *Crenshaw v. City of DeFuniak Springs*, 891 F. Supp. 1548, 1556 n.7 (N.D. Fla. 1995); *NAACP v. Hunt*, 891 F.2d 1555, 1564 (11th Cir. 1990). Plaintiffs candidly note these theories are a matter of first impression in the

Eleventh Circuit. But the facts of this case present no actual seizure, arrest, or stop. Nor do they present any forced labor. Such expansions of the law must therefore await a more apt case.

The Court must also deny Plaintiffs' broad request for an injunction setting up a review board to oversee the Polk County police force and court system, as well as the enactment of police and court guidelines. The FAC falls well short of setting forth imminent future unconstitutional conduct based on past injury. Although Plaintiffs claim they may reassemble in the oncoming months and protest again at the courthouse, they offer no definite plans to do so. Such "some day" intentions are not enough. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992). The FAC does not allege "with particularity that a future injury would likely occur in substantially the same manner as the previous injury." *Elend v. Basham*, 471 F.3d 1199, 1208 (11th Cir. 2006).

Because the Court determines there was no First Amendment violation or improper discrimination here, the Court offers no lengthy discussion of the other clear flaws in the FAC. This fifth attempt at stating a cause of action should be the last. Plaintiffs have not cured the deficiencies pointed out in their earlier filings.

Because any further amendment would be futile, the Court dismisses this case with prejudice.[3]

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss (Dkt. 44) with prejudice.

**DONE AND ORDERED** at Tampa, Florida, on December 4, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[3] Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court need not grant leave to amend when such amendment would be futile or the plaintiff repeatedly failed to cure deficiencies. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).

12